## STARK v. WATSON.

1. A widow suing for dower is not required to make out a complete chain of title in her husband; if she prove possession during coverture, it is sufficient until the defendant disproves title.
2. Evidence received without objection cannot be made a ground of appeal.
3. The Circuit Judge having found that the widow had made out a *prima facie* case entitling her to dower, and that it had not been rebutted by the defendant's evidence, both these findings of fact were approved by this court, the manifest weight of the evidence not being against them.
4. Findings of fact by the Probate Court are not absolutely conclusive upon the Circuit Court on appeal, but may be reversed where clear ground is afforded for that purpose. *Black* v. *White*, 13 *S. C.*, 38.

Before FRASER and WALLACE, JJ., Richland, July, 1883, and November, 1884.

Mrs. Eliza Stark filed her petition in the Court of Probate for Richland County, claiming dower in certain lands called Reedy Point place, held by the defendant, Dennis Watson, which she alleged her husband had been seized and possessed of during their

coverture, to wit, about the year 1835; and that her husband had died in the year 1882. The petition was filed February 27, 1883. The defendant put in a general denial.

After the testimony for petitioner was closed, the probate judge dismissed her petition, and the petitioner appealed to the Circuit Court. Judge Fraser heard the appeal, and filed the following decree:

This case came before me on appeal from the judgment of the Probate Court dismissing the petition, and was heard at July term, 1883, on the pleadings, judgment, and evidence in that court and exceptions thereto. I will consider the several exceptions of the petitioner, though in the view I take of the case it may not be necessary to refer to some of them.

Exceptions 2, 3, and 4. At the time of the alleged declarations (which were ruled out) made by Theo. Stark and H. P. Green to the witness, James Davis, he held the Reedy Point place as a *joint tenant* with Greek Avery and C. J. Houston, under a deed from Frazee, sheriff, and was engaged in running the lines, and besides being seized *per my et per tout*, "and having entire possession as well of every part as of the whole," the witness Davis seems to have been acting for the others, his testimony being in these words, "after we bought, we looked into the titles." It seems to me that any statement made to Davis at this time by Theo. Stark or H. P. Green, or, indeed, any other person, and his reply or his conduct in reference to such communications, is admissible as evidence, for what it may be worth, as to the possession of Theo. Stark, or the extent of his claim under it, in any proceeding in which either of the joint tenants or their privies is interested.

Exception 5. The fact that Mrs. Stark "never heard of any one's objecting to her husband's possession" is a mere negative statement and of no value, and it matters very little whether ruled out or not.

Exceptions 7, 8, and 9. I cannot assent to the proposition of law asserted in these exceptions, that because certain testimony has been ruled out as incompetent (and it is alleged erroneously), the defendant is estopped to deny the fact it was offered to prove.

If the ruling on the testimony was wrong, it can be corrected in the proper way, and no estoppel follows its rejection.

Exception 10. This exception is so general that I am not able to apply it to any particular testimony "offered and ruled out," the only way to raise a question of the admissibility of evidence for the judgment of an appellate court.

Exception 6. The petitioner relies (1) on the possession of Theo. Stark, her husband, during the coverture; (2) on a title in the defendant derived from her husband.

(1) As to the possession of Stark at the time of the marriage. Theo. Stark was living with his sisters, and, as I construe petitioner's testimony, this state of things continued only a *few months*, when he became the head of the family, and she went to housekeeping, and got provisions generally and butter and eggs from Reedy Point, and nursed and made clothes for the negroes she recognized as working there. Paul Pickens testifies that Theo. Stark bought his father Noble and himself as slaves; that Noble was a driver at Reedy Point, and a Mr. May the overseer; this was during the coverture. It is true that when one relies on possession, it should be a *possessionem pedis*, or then with color of title. In general, the "land should be cultivated," or, perhaps, it would be sufficient if it should be used for *pasture*. *Porter* v. *Kennedy*, 1 *McMull.*, 357. The character of the provisions used is just such as to show that the land was cultivated and used for pasture also, and, as was the habit in those days, the pasture was on unenclosed land. The pecuniary embarrassment of Theo. Stark is sufficient to account for the dispersion of his slaves, without supposing, as we are asked to do, that they always were the property of the Stark family, and only were divided off after his failure. There is not sufficient evidence to support this theory. I think the evidence of possession in Theo. Stark is sufficient *prima facie* to support the claim of dower.

(2) The only difficulty in the chain of title of Theo. Stark to the defendant, who holds under C. J. Houston, is as to the deeds from B. F. Taylor, executor, to Theo. Stark, Theo. Stark to R. W. Gibbes, and R. W. Gibbes to Lucy P. Green. These deeds, it is alleged, have been lost. The records in Columbia having been burned during the war, the petitioner could not pro-

duce copies. The defendant, or those under whom he claims, had, or ought to have had, the originals, and in their possession they have been lost. This loss occurred while these deeds were in the possession of James Davis, one of the joint tenants under whom the defendant claims. James Davis, however, cannot read writing, and only knows of the existence and contents of these deeds by their being read over to him; he recognized the reading as correct, and acted on the information conveyed to his mind. While the mere reading over of the deeds to any other witness might not have been sufficient to enable him to speak of its contents, I am inclined to the opinion that the reading of the deeds to James Davis and his recognition of them, as he certainly did, as parts of his chain of title, makes his testimony on that subject competent. The statement of this witness as to these deeds is more than mere hearsay, and was admitted without objection at the hearing below.

I think that the judge of probate should have required the defendant to have offered testimony in defence, if he had any, and not have made any ruling dismissing the petition at the close of petitioner's case, and this exception is therefore sustained.

It is not proper for me to prescribe any course of proceeding to be hereafter taken in the Probate Court, and I shall not undertake to do so. The judgment of the Probate Court, dismissing the petition at the close of the petitioner's testimony, is therefore reversed, and the case remanded to that court for such further proceedings as may be proper in the case, and it is so ordered and adjudged.

Defendant excepted at the time to this decree, but did not then appeal.

The probate judge, on the second trial, on the evidence already taken for the petitioner, and testimony on behalf of the defendant, found "as a matter of fact that the petitioner is not entitled to dower in the lands of defendant." And he ordered that the petition be dismissed with costs.

On petitioner's appeal from this order, Judge Wallace passed the following decree:

This is an appeal from the Probate Court. Mrs. Stark had filed her petition in that court, claiming dower in certain land,

now held by Dennis Watson, as the widow of Theodore Stark. Upon the hearing in that court, the petition was dismissed at the close of petitioner's testimony, upon the ground that she had not shown seizin in the husband of the land in question during the time she was his wife. From this decree an appeal was taken to this court, which was heard by Judge Fraser. He made a decree reversing the judgment of the Probate Court, upon the ground that the petitioner had shown the possession to have been in the husband of petitioner under a claim of right during the existence of the marital relation between herself and her husband, and that this showing was *prima facie* sufficient to entitle the demandant to dower. The case was therefore remanded to the Probate Court for further proceedings.

Upon the second hearing before the Probate Court, it was agreed that the testimony taken at the first hearing there should be considered as part of the case. The defendant then offered testimony intended to show that Mrs. Stark had renounced dower in the land. This testimony was to the effect that after Stark's possession, during the existence of the marriage relation between himself and the demandant, the land had been several times sold and purchased, and deeds made and accepted by grantors and grantees, and in every case the titles had been examined by careful and competent lawyers. I do not think this testimony sufficient to establish the existence, loss, and contents of an instrument of renunciation of dower. Testimony was also introduced, intended to show that the land now held by Dennis Watson was not part of the land which had been in the possession of Theo. Stark. I think, upon this point, the preponderance of the evidence is in favor of demandant, and shows that the land in which dower is claimed is part of the tract once in possession of demandant's husband.

The case made by demandant at the first hearing before the Court of Probate, stands unaffected by the evidence of the defendant at the second hearing, and this case has been held by Judge Fraser sufficient, in the absence of countervailing testimony, to entitle the demandant to dower. In this view I concur.

1. It is therefore ordered and adjudged, that petitioner is entitled to dower in the land described in the petition as held by

Dennis Watson, and to an account and decree for the rents and profits, and to her costs and disbursements. 2. It is further ordered, that the cause be remanded to the Probate Court for such further proceedings as may be necessary and proper to carry out this decree.

The exceptions taken by defendant to this decree are set forth in the opinion.

*Mr. Allen J. Green,* for appellant.

*Messrs. Bacon & Moore,* contra.

February 22, 1886. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The respondent filed the petition below, claiming dower in certain lands situate in Richland County, of which she alleged her husband, the late Theodore Stark, had been seized during coverture. The petition was heard by the Probate Court for said county, and upon the close of petitioner's testimony, the defendant moved to dismiss the petition on the ground that petitioner had not shown seizin in Theodore Stark, and, even if she had, that she had proved herself out of court. This motion was granted with costs. The petitioner appealed to the Circuit Court. The appeal was heard by his honor, Judge Fraser, who reversed the judgment of the Probate Court, and remanded the case for such further proceedings as might be proper. To this decree defendant excepted.

The case was then heard a second time before the Probate Court upon the testimony of the former case by the plaintiff and additional testimony introduced by the defendant. The probate judge again dismissed the petition, finding, "as matter of fact, that the petitioner is not entitled to dower in the land of Dennis Watson, the defendant." From this judgment an appeal was again taken by the petitioner to the Circuit Court, which was heard at the October term of the court by his honor, Judge Wallace, who sustained the claim of the petitioner for dower, and for rents and profits, remanding the case for such further proceedings as might be necessary.

Now the cause comes to this court upon exceptions by defendant from both decrees.

The exceptions to the decree of Judge Fraser assign error: I. Because his honor held certain declarations of Theo. Stark and H. P. Green to James Davis and his reply, as to Stark's possession, &c., admissible.    II. Because his honor held that the evidence of possession in Theodore Stark was sufficient *prima facie* to support petitioner's claim.    III. Because he held that deeds from Taylor, executor, to Theodore Stark, from Theodore Stark to R. W. Gibbes, and from Gibbes to Lucy P. Green, had been in existence and had been lost, or alleged to have been lost. And IV. Because that he admitted the testimony of Davis as to the contents of these deeds, said testimony having been admitted below without objection, as stated by his honor.

The decree of Judge Wallace is excepted to on the following grounds: I. Because his honor held that Judge Fraser had reversed the judgment of the Probate Court on the ground that the petitioner had made out a *prima facie* case, whereas it is submitted that he reversed it because the probate judge should have required the defendant to go on with his testimony, at the close of the plaintiff's testimony, instead of dismissing the case at that stage.    II. Because his honor erred in holding that the existence, loss, and contents of a renunciation of dower had not been proved. III. Because his honor erred in holding that the preponderance of testimony showed that the land in which the dower was claimed was a part of a tract once in the possession of demandant's husband.    IV. Because his honor held that the case, as made by the demandant in the first trial before the Probate Court, stood unaffected by defendant's evidence in the second trial, and that Judge Fraser had held the evidence sufficient, in the absence of countervailing evidence, to entitle the demandant to dower.    And V. Because his honor held that demandant was entitled to dower, &c., and that he reversed the decree of the Probate Court on a question of fact involving the credibility of witnesses.

The first exception to the decree of Judge Fraser raises a question of fact, to wit, whether the evidence of petitioner had shown such possession in her husband as to entitle her *prima facie* to dower.    It is hardly necessary to refer to authority for the position, that a demandant in dower is not required to make out a complete chain of title in her husband, and that all that she is

expected or required to do is to show possession by her husband during the coverture, which will be sufficient unless it is overthrown by disproving title by the defendant. In other words, proof by the demandant of possession in her husband during coverture makes out her case in the first instance, and at the end, too, unless the defendant has shown the absence of title in such husband. This is elementary law. Judge Fraser said that he thought the evidence of possession was sufficient to make out a *prima facie* case. We concur in this opinion. Next exception relates to the declarations of Theodore Stark and H. P. Green to James Davis, &c. This is admitted in appellant's argument to be an abstract question, as the testimony objected to was never offered at the hearing (we suppose the second hearing). It, therefore, need not be considered.

3d, 4th. As to the testimony of James Davis in reference to the existence, loss, and contents of certain deeds mentioned in this exception. It is sufficient to say, in reference to this exception, that the testimony in question was offered and received without objection by the defendant. This is stated by the judge, and we find no objection noted in the "Case." Such being the fact, the exception is not properly before us.

Next in order is the consideration of the exceptions to the decree of Judge Wallace. The first seems to us to be inconsistent with exception 1 herein to the decree of Judge Fraser. That exception assigned error to Judge Fraser, because he held that the evidence of possession in Theodore Stark was sufficient to support the claim of dower. And now Judge Wallace's decree is excepted to because he construed the decree of Judge Fraser in the same way. Judge Fraser evidently thought that the evidence of the petitioner was *prima facie* sufficient, and on that account he ruled that the probate judge was in error in dismissing the case without hearing from the defendant, and he, therefore, remanded it, to give the defendant an opportunity to make his defence. That defence has since been made, and, in the opinion of Judge Wallace, the case made by the demandant in the first hearing stands unaffected by the evidence of the defence. He, therefore, decreed, in accordance with the opinion of Judge Fraser as to the *prima facie* case made at the first hearing, that the

demandant was entitled to dower.   Whether the demandant's *prima facie* case had been affected by the subsequent defence, was a question of fact, and we cannot say that the manifest weight of the evidence is against the finding of the Circuit Judge on that subject.

The questions raised in several of the other exceptions to this last decree seem to be questions of fact, such as, that his honor erred in holding that defendant's testimony was insufficient to establish the existence, loss, and contents of a renunciation of dower, and that the preponderance of the testimony was in favor of demandant, showing that the land in which dower is claimed was a part of the tract once in possession of demandant's husband.   We cannot disturb these findings under the settled rule in such cases.   The remaining exceptions are too general, failing, as they do, to raise any specific question.

In the argument of appellant, a distinction is pointed out and contended for between the powers of the Circuit Court on appeals from the Probate Court, and the powers of this court on appeals to it.   Even admitting the distinction contended for, yet the rule laid down in *Black* v. *White* (13 *S. C.*, 38) precludes the idea of the findings of the Probate Court being absolutely conclusive upon the Circuit Court upon appeal.   The court said in that case: "The Circuit Court ought not to disturb the findings of the Probate Court on questions of fact of that nature [that is, where the witness had been before that court, &c.], unless clear ground is afforded for that purpose."   Here the court below thought that clear ground had been afforded, and we are of the same opinion. The petitioner was not required to make out a complete chain of titles in her husband.   As we said at the outset, she was only required to show possession during the coverture.   This being done, her claim was perfect until the defendant disproved title. The probate judge, notwithstanding the evidence of possession, decreed against her, although no sufficient evidence had been offered by the defendant disproving title.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.   Let this judgment be certified to the Probate Court for Richland County.